940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Paul M. SIMSON, Defendant-Appellee.
 No. 90-7368.
 United States Court of Appeals, Fourth Circuit.
 Argued April 8, 1991.
Decided Aug. 1, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Jackson L. Kiser, District Judge. (CR-88-39)
 Sean Connelly, United States Department of Justice, Washington, D.C., (Argued), for appellant; Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, N.C., on brief.
 Paul Mogin, Williams & Connolly, Washington, D.C., (Argued), for appellee; Aubrey M. Daniel, III, Jonathan P. Graham, Williams & Connolly, Washington, D.C., Fred R. Harwell, Jr., Davis & Harwell, Winston-Salem, N.C., on brief.
 M.D.N.C. [APPEAL AFTER REMAND FROM 894 F.2D 403].
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 A jury found Paul M. Simson guilty of one count of conspiring to defraud the Small Business Administration (SBA), in violation of 18 U.S.C. Sec. 371, and two counts of making false statements to the SBA, in violation of 18 U.S.C. Sec. 1001, for failing to disclose the indemnitors on a bondability letter he prepared. Several months later but before Simson's sentencing, Simson's counsel, Marshall Simpson, committed suicide during a related trial. Based on information that emerged at that time, Simson moved before the entry of judgment for a new trial pursuant to Federal Rule of Criminal Procedure 33. He alleged that newly discovered evidence disclosed ineffective assistance of his trial counsel. Judge Ward denied the motion as untimely, but this court reversed and remanded the case for a determination of the merits of Simson's allegations. United States v. Simson, No. 895584, slip op. (4th Cir. Dec. 14, 1989) (unpublished).
 
 
 2
 On remand, Judge Ward recused himself and the case was reassigned to Judge Kiser. Following a hearing, Judge Kiser granted Simson a new trial on the ground that he had received ineffective assistance of counsel at his jury trial. The government appealed. Finding no error, we affirm the order of the district court.
 
 
 3
 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for proving ineffective assistance of counsel: A defendant must first prove that his counsel's representation fell below an objective standard of reasonableness, 466 U.S. at 688, and then must prove that he was prejudiced as a result. 466 U.S. at 692. We review de novo the district court's conclusion that Simson met the standard articulated in Strickland. 466 U.S. at 698; Clozza v. Murray, 913 F.2d 1092, 1100 (4th Cir.1990). We review the district court's factual findings under the "clearly erroneous" standard. 466 U.S. at 698.
 
 
 4
 On appeal the government argues that the district court erred by granting Simson's motion for a new trial, for two reasons: first, that Simson did not prove that specific deficiencies in his counsel's performance denied him a fair trial; and second, that Simpson's performance did not result in "a breakdown of the adversarial process." Strickland, 466 U.S. at 696.
 
 
 5
 In applying the Strickland standard, the district court found that Simpson failed, "as lead counsel, to properly develop the defense that it was the standard practice in the surety business not to disclose indemnitors on bondability letters." The district court specifically noted that Simpson failed to discover and introduce exculpatory documents, failed to present an expert on standard practices in the surety business, and failed to cross-examine government witnesses adequately regarding the standard practice not to disclose indemnitors in the surety business. To prove its charges against the defendant, the government had to prove that he acted with criminal intent. Since evidence of custom and practice in the surety bond industry would have negated criminal intent, the district court concluded that Simpson's conduct "was not reasonable under the circumstances and fell below prevailing professional norms...."
 
 
 6
 In reaching its conclusion, the district court carefully examined all the evidence presented, both at trial and in the later hearing. The district court discussed the agitation and confusion Simpson exhibited and the effects of the prescription medication Simpson took to relieve his anxiety symptoms. The district court further considered the numerous indications that Simpson's extreme anxiety and stress impaired his preparation for and performance during trial, to the point that the government prosecutor and Simpson's cocounsel brought Simpson's condition to the attention of the trial judge. While both the government and the defendant submitted affidavits relating to Simpson's condition prior to and during trial, the affidavits overwhelmingly supported the conclusion that Simpson was ill-prepared and emotionally unready to try the case.
 
 
 7
 Finally, the government urges that United States v. Bakker, 925 F.2d 728 (4th Cir.1991), and McDougall v. Dixon, 921 F.2d 518 (4th Cir.1990), control the claims raised in its appeal. The facts in these two cases, however, differ substantially from the findings made by the district court in Simson's case.
 
 
 8
 In Bakker the defendant argued that his own commitment to a psychiatric facility, not acts omitted or committed by his attorney, had seriously interfered with the attorney-client relationship. The district court rejected this argument, pointing to numerous facts that indicated the ample time available for Bakker's counsel to prepare for trial as well as Bakker's availability to counsel before, during, and after his commitment.
 
 
 9
 McDougall claimed that the outrageous behavior of his lead attorney, Paul, denied him effective assistance of counsel. Both a North Carolina superior court and a United States district court examined this claim in depth and rejected it. The reviewing courts found that Paul was one of a defense team of attorneys and experts, which included another experienced criminal trial lawyer who actively participated in the trial. The courts noted that while Paul suffered from migraines during the trial, his physician believed him to be emotionally and intellectually capable of practicing law at the time of the trial. Because the findings of historical facts in Simson's case--which we accept as not clearly erroneous--differ materially from the facts in Bakker and McDougall, we cannot accept the government's argument that these two cases require reversal of the district court's grant of a new trial.
 
 
 10
 The evidence supports the district court's conclusion that Simpson rendered ineffective assistance and that Simson was prejudiced as a result. We therefore find no error of fact or law in the district court's careful review of this case. For reasons adequately stated by the district court in its opinion, we affirm the order granting a new trial. See United States v. Simson, CR-88-39 (M.D.N.C. Aug. 3, 1990).
 
 
 11
 AFFIRMED.